[Cite as *State v. Kellar*, 2020-Ohio-4247.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-19-1215

      Appellee                          Trial Court No. CR0201901670

v.

Robert Kellar                                 **DECISION AND JUDGMENT**

      Appellant                         Decided:  August 28, 2020

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**ZMUDA, P.J.**

## I.  Introduction

{¶ 1} Appellant, Robert Kellar, appeals the judgment of the Lucas County Court of Common Pleas, sentencing him to 51 months in prison after he entered a plea of guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.E.2d 162 (1970), to

three counts of gross sexual imposition.  Finding no error in the proceedings below, we affirm.

## A.  Facts and Procedural Background

{¶ 2} On April 16, 2019, appellant was indicted on two counts of rape in violation of R.C. 2907.02(A)(1)(b) and (B), and two counts of rape in violation of R.C. 2907.02(A)(2) and (B), all felonies of the first degree.  These charges stemmed from several incidents of sexual conduct between appellant and his autistic, teenage granddaughter, two of which were alleged to occur prior to appellant's granddaughter's 13th birthday.

{¶ 3} At his arraignment on April 23, 2019, appellant entered a plea of not guilty, and the matter proceeded to discovery and pretrial motion practice.  On August 27, 2019, appellant appeared before the trial court for a change of plea hearing.

{¶ 4} At the plea hearing, the state informed the court of a plea agreement under which appellant agreed to enter an *Alford* plea to three counts of gross sexual imposition in violation of R.C. 2907.05(A)(5) and (C)(1), felonies of the fourth degree, in exchange for the state's dismissal of the rape charges contained in the original indictment. Following a Crim.R. 11 colloquy, the trial court asked the state to articulate the factual basis for appellant's plea.  In response, the state provided a detailed factual recitation, in which it referenced several instances of sexual conduct between appellant and the victim. Appellant's defense counsel acknowledged the accuracy of the police report from which the state based its recitation of the facts, and the court proceeded to accept appellant's

2.

plea. The trial court found appellant guilty of the three counts of gross sexual imposition, ordered the preparation of a presentence investigation report, and continued the matter for sentencing.

{¶ 5} Appellant's sentencing hearing was held on September 24, 2019. At the hearing, appellant's defense counsel implored the trial court to sentence appellant to community control, citing appellant's lack of a criminal record, his age (70 years old), his poor health, his prior military service, and his prior traumatic life experiences. For his part, appellant informed the court that his granddaughter is "the brighter star in my universe." Appellant insisted that he "wasn't trying to hide anything, I wasn't trying to be facetious, nothing like that, I was just trying to be an overprotective grandfather and trying to keep her from getting in trouble."

{¶ 6} After appellant spoke in mitigation, the court heard statements from the victim's guardian ad litem, who informed the court that the victim wished for her grandfather to return home. Thereafter, the state addressed the court and emphasized the criminality of appellant's conduct. The state noted that appellant permitted the victim to be exposed to pornography at an early age and introduced her to video games that encourage one to "live out virtual fantasy situations and learned adult sexual concepts."

{¶ 7} Upon hearing from the parties, the court addressed appellant. At the outset, the court noted its consideration of the presentence investigation report, from which the court concluded that the evidence supporting appellant's guilt in this case was "quite overwhelming." The court went on to express concern at appellant's presentation of

3.

himself as the victim in this case. Ultimately, the court rejected appellant's plea for community control, opting instead to sentence appellant to 17 months in prison on each of the three counts of gross sexual imposition, to be served consecutively, for a total prison term of 51 months.

{¶ 8} In sentencing appellant, the court stated that it "considered the record, oral statements, any victim impact statement, and PSI prepared, as well as the principles and purposes of sentencing under [R.C.] 2929.11[,] [a]nd has balanced the seriousness and recidivism factors under [R.C.] 2929.12." Later, the court found that appellant "is not amenable to community control and that prison is consistent with the purposes of [R.C.] 2929.11." Moreover, the trial court made the necessary findings to support the imposition of consecutive sentences under R.C. 2929.14, namely that consecutive sentences were necessary to protect the public from future crime and to punish appellant, that consecutive sentences were not disproportionate to the seriousness of appellant's conduct or the danger appellant poses to the public, and that the offenses were committed as part of one or more courses of conduct and the harm caused by appellant was so great or unusual that no single prison term for any of the offenses committed as part of a course of conduct adequately reflects the seriousness of appellant's conduct. The court's findings under R.C. 2929.11, 2929.12, and 2929.14 were reiterated in its written sentencing entry.

{¶ 9} Following the trial court's imposition of sentence, appellant filed his timely notice of appeal.

4.

## B. Assignments of Error

{¶ 10} On appeal, appellant asserts the following assignment of error:

The trial court abused its discretion by sentencing appellant to fifty-one months of incarceration, because said sentence is excessive for the purposes set forth in R.C. 2929.11(A) and (B).

## II. Analysis

{¶ 11} In her sole assignment of error, appellant challenges the propriety of his 51-month prison sentence.

{¶ 12} The review of felony sentences is governed under R.C. 2953.08(G)(2). Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, modify, or vacate and remand a sentence only if the record demonstrates, clearly and convincingly, either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; or

(b) That the sentence is otherwise contrary to law.

{¶ 13} Relevant to appellant's argument in this case, we have previously stated that a sentence is not clearly and convincingly contrary to law where the trial court has considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12, properly applied postrelease

5.

control, and imposed a sentence within the statutory range. *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 15-16.

{¶ 14} Appellant does not challenge the trial court's technical compliance with R.C. 2929.11 and 2929.12. Indeed, the trial court expressly indicated its consideration of these statutory sections prior to imposing its sentence at the sentencing hearing, and reiterated its findings in its sentencing entry. Further, there is no dispute that the trial court's sentence falls within the statutory range for the applicable felony degrees at issue in this case. *See* R.C. 2929.14(A)(4) ("For a felony of the fourth degree, the prison term shall be a definite term of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months.").

{¶ 15} In his brief, appellant argues that the trial court's sentence "while not contrary to law, is arguably more than is necessary to protect the public, is unlikely to promote the rehabilitation of the offender, and exceeds the punishment recommended by the probation department." Appellant supports his argument by suggesting that he is unlikely to present a danger to the public as he is a first time offender. Moreover, appellant argued that incarceration would cause significant financial hardship on his family members since he is their sole source of support, thereby imposing an additional burden on state and/or local government. Later in his brief, appellant again concedes that his sentence is not contrary to law, but suggests that this court should reverse the sentence imposed by the trial court because a 51-month sentence is "not the optimal sentence to fulfill the purposes of felony sentencing pursuant to R.C. 2929.11."

6.

{¶ 16} Under R.C. 2929.11(A), the purposes of felony sentencing are "to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources."  To achieve these purposes, the sentencing court must consider "the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."  R.C. 2929.11(A).  The sentence imposed shall be reasonably calculated to achieve the overriding purposes, "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."  R.C. 2929.11(B).

{¶ 17} Appellant couches his arguments in terms of the trial court's alleged abuse of discretion, while simultaneously conceding that his sentence is not contrary to law. However, we do not review the trial court's sentence for an abuse of discretion.  *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 10 (applying the language of R.C. 2953.08(G)(2) and holding that "appellate courts may not apply the abuse-of-discretion standard in sentencing-term challenges").  Rather, our review authority is statutorily derived under R.C. 2953.08(G)(2), which permits us to alter the trial court's sentence in this case only if it is clearly and convincingly contrary to law or if the trial court's findings under R.C. 2929.14(C)(2) were not supported by the record.

7.

{¶ 18} Having reviewed the record in its entirety, we agree with appellant that his 17-month sentences are not contrary to law. At the sentencing hearing and in its judgment entry, the trial court expressly indicated its consideration of the principles and purposes of sentencing under R.C. 2929.11 and found appellant not amenable to community control. The facts contained in the record support the court's findings under R.C. 2929.11. For example, the seriousness of appellant's conduct in this case, having engaged in sexual conduct with his autistic underage granddaughter over a prolonged period of time, as well as appellant's lack of remorse concerning his actions, supports the trial court's imposition of 17-month sentences as to each count of gross sexual imposition.

{¶ 19} Moreover, we find that the trial court did not err in ordering appellant to serve his individual sentences consecutively. Relevant to this issue, the Supreme Court of Ohio, in *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, made it clear that appellate review of the propriety of an aggregate sentence comprised of individual sentences ordered to be served consecutively is limited to a determination of whether the trial court's findings under R.C. 2929.14(C)(4) were supported by the record.

{¶ 20} As noted above, the trial court below found that consecutive sentences were necessary to protect the public from future crime and to punish appellant, were not disproportionate to the seriousness of appellant's conduct or the danger appellant poses to the public, and that the offenses were committed as part of one or more courses of conduct and the harm caused by appellant was so great or unusual that no single prison

8.

term for any of the offenses committed as part of a course of conduct adequately reflects the seriousness of appellant's conduct. The record in this case establishes that appellant sexually abused his granddaughter on numerous occasions over the course of ten years, beginning when she was only five years old. This fact supports the trial court's finding of a course of conduct. *State v. Smith*, 2d Dist. Montgomery No. 28265, 2019-Ohio-5015, ¶ 72 ("defendant's repeated sexual abuse of the same minor victim amounted to a 'course of conduct' justifying consecutive sentences").

{¶ 21} At the sentencing hearing, the trial court described the sexual abuse perpetrated by appellant as "striking and tragic," noting the position of trust that appellant exercised over his autistic granddaughter. The description of the offense provided by the state at the plea hearing provides further details regarding the nature of appellant's sexual conduct with his granddaughter. Our review of these details supports the trial court's conclusion that the harm caused by appellant was so great in this case or unusual that no single prison term for any of the gross sexual imposition offenses would reflect the seriousness of appellant's conduct. This is especially true since the facts of this case could have supported the state's initial charges of rape.

{¶ 22} In sum, the trial court imposed a sentence as to each count of gross sexual imposition that falls within the statutory range for a felony of the fourth degree, and indicated its consideration of R.C. 2929.11 and 2929.12 in imposing appellant's sentence. Further, the trial court made the findings necessary to impose consecutive sentences

under R.C. 2929.14(C)(4), and those findings were supported by the record.  Therefore, we find no error in the trial court's sentence.

{¶ 23} Accordingly, appellant's sole assignment of error is not well-taken.

### III.  Conclusion

{¶ 24} In light of the foregoing, the judgment of the Lucas County Court of Common Pleas is affirmed.  The costs of this appeal are assessed to appellant under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.            

                    _____
JUDGE

Arlene Singer, J.        

Gene A. Zmuda, P.J.       _____
CONCUR.                  JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.